IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VAKEATON QUAMAR WAFER,

      Plaintiff,

v.                                 Case No. 1:25-cv-186-AW-MJF

NATIONAL BASKETBALL PLAYERS
ASSOCIATION,

      Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se Plaintiff Vakeaton Quamar Wafer is a former NBA player. He sued the National Basketball Players Association, asserting several claims. The third amended complaint (ECF No. 42) is the operative complaint.

The NBPA moved to dismiss based on, among other things, lack of personal jurisdiction. ECF No. 70. In a thorough report and recommendation, the magistrate judge concluded Wafer had not made a prima facie showing that the court has personal jurisdiction over the NBPA. ECF No. 77. Accordingly, the magistrate judge recommends dismissal without prejudice. *Id.* at 8.

Wafer filed objections, ECF No. 78, and I have considered de novo the issues he raised. He appears to reargue the personal-jurisdiction issue, but he also argues that if personal jurisdiction is lacking, the court should transfer the case rather than dismiss it. *Id.* The NBPA responded to Wafer's filing with an argument that transfer

1

would be appropriate only if in the interests of justice, which is not the case here. ECF No. 79. The NBPA has the better of the argument.

First, it is clear that Wafer has not made a prima facie showing of personal jurisdiction. I now adopt the report and recommendation and incorporate it into this order. I also agree that transfer would not be in the interest of justice. Although I need not undertake a full review of the merits, a preliminary review suggests the claims are not well founded. The NBPA argues with some force that the claims are time barred. At the very least, Wafer has not shown that his claims would now be time barred but were not when he initiated this case. *Cf. ITT Base Servs. v. Hickson*, 155 F.3d 1272, 1276 (11th Cir. 1998) (noting "that a transfer would be in the 'interests of justice'" under § 1631 if dismissal would *cause* claims to become time barred). As a matter of discretion, I conclude dismissal without prejudice—as opposed to transfer—is appropriate.[1]

The motion to dismiss (ECF No. 70) is GRANTED. The clerk will enter a judgment that says, "This case is dismissed without prejudice for lack of personal jurisdiction."

---

[1] Relying solely on a nonbinding district court decision, the NBPA suggests the court could dismiss *with* prejudice. ECF No. 79 at 8 n.2. But it is settled law that a court lacking personal jurisdiction is powerless to dismiss with prejudice. *Trump v. Clinton*, 161 F.4th 671, 687 (11th Cir. 2025).

The motion for leave to amend (ECF No. 80) is DENIED because the motion did not include the proposed amended complaint. *See* N.D. Fla. Loc. R. 15.1(B) ("When a pleading may be amended only by leave of court, the amending party must file a motion for leave to amend and must simultaneously file the proposed amended pleading itself."); *see also* ECF No. 31 (denying earlier motion to amend on same basis).

The clerk will close the file.

SO ORDERED on June 3, 2026.

s/ *Allen Winsor*

Chief United States District Judge

3